UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TARA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:16CV00084 AGF |
| | ) | |
| MISSISSIPPI COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Tara Rhodes claims in this action filed under 42 U.S.C. § 1983 that Defendants were deliberately indifferent to her serious medical needs in connection with her high-risk pregnancy while she was incarcerated at Mississippi County Detention Center (MCDC).  Defendants are Mississippi County, Missouri; and seven jail/county employees, who are sued in their individual capacities only.  The matter is before the Court on Plaintiff Tara Rhodes's motion for partial summary judgment (ECF No. 41), and motion to exclude certain aspects of one of Defendants' expert witness's opinions. (ECF No. 39).  For the reasons set forth below, both motions will be granted in part and denied in part.

## BACKGROUND

For the purposes of the motions before the Court, the record establishes the following relevant facts. On December 15, 2014, Plaintiff was arrested and booked at MCDC. At the time, Plaintiff was approximately 18 weeks pregnant (with a due date of May 21, 2015). MCDC staff knew that Plaintiff's pregnancy was high risk, that she was using heroin, and that she needed urgent/emergent access to healthcare. Plaintiff alleges that on December 18, 2014, she began experiencing abdominal pain and was leaking fluids from her vagina—facts made known to MCDC staff. It is not disputed that she asked staff members, including Defendant Terri Bowman, for medical attention on that day and on the next few days multiple times, complaining of severe pain, leaking fluids, and bleeding, but her requests were refused. In addition to her verbal complaints, Plaintiff gave Bowman at least one written medical request form for these problems, but medical attention was not provided.

On December 23, 2014, Plaintiff was transported to a prison in Vandalia, Missouri, in a transport vehicle while shackled at the wrists and ankles. The trip took approximately five hours. Bowman was one of two guards who accompanied Plaintiff in the transport vehicle and who allegedly ignored Plaintiff's continued requests for medical attention during the transport. Upon arrival at the prison, Plaintiff was seen by a nurse and taken to an area hospital. The next morning, she delivered a stillborn baby.

Plaintiff's amended complaint asserts claims of deliberate indifference to her serious medical needs in violation of the Eighth and Fourteenth Amendments (Count I); excessive use of force in shackling her during the transport (Count II); municipal liability

for the above two federal constitutional violations (Count III); violations of Plaintiff's rights under the Missouri constitution (Count IV); intentional infliction of emotional distress (Count V); and battery (Count VI). In all counts, she seeks actual and punitive damages for the physical and emotional injuries she sustained because of Defendants' conduct. Plaintiff does not seek any damages resulting from the death of her baby.

Defendant's expert witness Heather L. Cugini, M.D., opined that the condition Plaintiff "most likely had" on December 18, 2014, was preterm premature rupture of membranes, and even had Plaintiff received medical care between December 15 and December 23, 2014, the death of the baby was "inevitable." Dr. Cugini further opined that most medical care providers do not provide any in-hospital observation following a diagnosis of preterm premature rupture of membranes when the gestational age is less than 20 weeks. She opined that Plaintiff's drug use "had the potential to directly contribute to the early rupture of membranes." ECF No. 40-1.

Plaintiff seeks partial summary judgment on the following elements of her claim in Count I: (1) that her high-risk pregnancy constituted a serious medical need at all times relevant to this case; (2) that Defendants knew about this serious medical need; (3) that Bowman was deliberately indifferent to Plaintiff's serious medical need; (4) that Bowman's deliberate indifference proximately caused Plaintiff to suffer physical and mental injury; and (5) that at all relevant times, Defendants acted under color of state law. ECF No. 42 at 3-5. Plaintiff points to record evidence that she maintains establishes these facts. She notes that she claims that all Defendants were deliberately indifferent to

3

her serious medical needs, but that the summary judgment record only establishes deliberate indifference as to Bowman.

In response to Plaintiff's motion for partial summary judgment, Defendants admit that Plaintiff had a high-risk pregnancy, that this constituted a serious medical need, that all Defendants were aware of Plaintiff's medical condition, and that all Defendants were acting under color of state law. They deny, however, that the record establishes that Bowman was deliberately indifferent to Plaintiff's serious medical needs or proximately caused Plaintiff to suffer physical or mental injury. Defendants point to Bowman's deposition testimony that although Plaintiff verbally complained of bleeding and leaking, and may have filed a written request for medical attention, Bowman never actually saw physical evidence of these problems and was never aware, during the relevant time period, that Plaintiff's water had broken. Bowman also testified that when Plaintiff "started having complications," the jail nurse assured him Plaintiff was okay and was trying to get attention. She testified that during the transport to the prison, she did not notice anything about Plaintiff that was concerning or would require medical attention. ECF Nos. 43-2; 48-1.

With respect to the motion to exclude, Plaintiff seeks to exclude Dr. Cugini's opinions related to Plaintiff's prior drug use and whether any medical care would have prevented her miscarriage. Plaintiff argues that these opinions are highly prejudicial, and, as she (Plaintiff) is not seeking damages related to the death of the baby, but only for the six days (December 16 to 23, 2014) that she was deprived of medical attention, the opinions are irrelevant. As her reply brief clarifies, Plaintiff does not object to the

4

admission of opinions about the adequacy of Plaintiff's medical care—to the extent they do not refer to or rely on Plaintiff's prior drug use or whether treatment would have prevented Plaintiff's miscarriage.

## DISCUSSION

**Motion for Partial Summary Judgment**

Federal Rules of Civil Procedure Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of demonstrating that there are no genuine issues of material fact rests on the moving party," and the court must view "the evidence and the inferences which reasonably may be drawn [therefrom] in the light most favorable to the non-moving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). "The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. . . . The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (citation omitted).

Rule 56(g) provides as follows: "If the court does not grant all relief requested by the [summary judgment] motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

5

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). As a pretrial detainee, Plaintiff's right to medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Vaughn v. Greene Cty.*, 438 F.3d 845, 850 (8th Cir. 2006). Although such a claim "is rooted in the Fourteenth Amendment, [courts] apply the deliberate-indifference standard that governs claims brought by convicted inmates under the Eighth Amendment." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. Under the objective prong, [the detainee] must establish that he suffered from an objectively serious medical need. To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Under the subjective prong, [the detainee] must show that an official actually knew of but deliberately disregarded his serious medical need. This showing requires a mental state akin to criminal recklessness.

*Id*.

Here, in light of Defendants' admissions, and pursuant to Rule 56(g), the Court orders that the following facts are established in this case:

(1) Plaintiff's high-risk pregnancy constituted a serious medical need;

(2) Defendants were aware of Plaintiff's serious medical need; and

(3) Defendants acted under color of state law at all relevant times.

The Court concludes, however, that Plaintiff is not entitled to summary judgment with respect to Bowman's alleged deliberate indifference. Viewing the evidence in the

light most favorable to Bowman, a jury reasonably could find that her conduct was not akin to criminal recklessness. And so, the motion for partial summary judgment will be denied in other regards.

**<u>Motion to Exclude Expert Testimony</u>**

The Court believes that Defendants are entitled to introduce expert medical testimony that medical treatment after Plaintiff's water broke would not have prevented Plaintiff's miscarriage. Given the facts of the case, absent medical evidence on the matter, the jury might well speculate that Defendant's conduct caused the death of Plaintiff's baby, and Defendants would be significantly prejudiced if they were not allowed to dispel this supposition with expert medical testimony. This is so even if the precise damages Plaintiff is seeking do not cover emotional distress over the loss of the baby. Moreover, in her interrogatory answer which she quotes in support of her own motion to exclude, Plaintiff seeks damages for continuing distress, depression, pain, and problems with her reproductive tract (ECF No. 40 at 3). Defendants will, in fairness, be permitted to cross-examine Plaintiff regarding the impact of the miscarriage. And evidence that the miscarriage was due to causes other than Defendants' conduct may, then, also be relevant. Conversely, there is no legally-cognizable prejudice to Plaintiff in having the testimony at issue before the jury.

On the record before the Court, the Court agrees with Plaintiff that Dr. Cugini's opinion that Plaintiff's prior drug use had the potential to directly contribute to the miscarriage is irrelevant and highly prejudicial, and should be excluded. However, the Court cannot say that all evidence related to Plaintiff's prior drug use is likewise

7

irrelevant. Further, depending on the evidence offered by Plaintiff, it is possible that Plaintiff will open the door to the admission of this opinion by Dr. Cuigini.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment is **GRANTED in part and DENIED in part**, as set forth above. (ECF No. 41.)

**IT IS FURTHER ORDERED** that motion to exclude the opinions of Defendants' expert witness Heather L. Cugini, M.D., is **GRANTED in part and DENIED in part**, as set forth above. (ECF No. 39.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2018.